UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SCOTT F. ICEBERG,<br><br>    Plaintiff,<br>  v.<br><br>LAURIE OLSON et al.,<br><br>    Defendants. | CASE NO. 2:25-cv-00422-LK<br><br>ORDER DENYING MOTION FOR EXTENSION OF TIME; STRIKING MOTIONS IN LIMINE; DENYING MOTION TO APPOINT COUNSEL |

    This matter comes before the Court on Plaintiff Scott Iceberg's Motion for Extension of Time or Continuance to respond to Defendants' motion to dismiss his amended complaint, Dkt. No. 26, his motion to appoint counsel, Dkt. No. 27, and his Motions in Limine, Dkt. No. 31. For the reasons set forth below, the Court denies the motions for an extension and to appoint counsel and strikes the motions in limine.

    Mr. Iceberg, who is proceeding pro se, requests a 28-day extension of his deadline to respond to Defendants' motion "due to [his] disability" as well as "to gather relevant evidence" to support his response to the motion, to "file a Motion to Strike pursuant to FRCP 11(b) of some

claims made within Defendants' motion which are entirely unsupported by the record, file a Motion to Convert Defendants' Motion to Dismiss to a Motion for Summary Judgement, and stay said Motion pending completion of discovery." Dkt. No. 26 at 2. Defendants oppose the motion, arguing that Mr. Iceberg fails to identify any good cause, that he is acting in bad faith, and that an extension will prejudice them. Dkt. No. 29 at 6. Mr. Iceberg did not file a reply brief.

"When an act may or must be done within a specified time, the court may" extend the time "for good cause[.]" Fed. R. Civ. P. 6(b)(1). "This rule, like all the Federal Rules of Civil Procedure, is to be liberally construed to effectuate the general purpose of seeing that cases are tried on the merits." *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1258–59 (9th Cir. 2010) (citation modified). "Consequently, requests for extensions of time made before the applicable deadline has passed should 'normally . . . be granted in the absence of bad faith on the part of the party seeking relief or prejudice to the adverse party.'" *Id.* at 1259 (quoting 4B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1165 (3d ed. 2004)).

As noted above, Defendants argue that Mr. Iceberg has not shown good cause for an extension. Dkt. No. 29 at 6. They note that Mr. Iceberg's motion states that he "need[s] to gather relevant evidence to rebut Defendant's Motion to Dismiss . . . including a transcript of the informal hearing," Dkt. No. 26 at 2, but he received the transcript—which was first offered to him on April 19—on August 5, *see* Dkt. No. 30-4 at 2, and he attached it to his August 7 filing, Dkt. No. 28 at 45 *et seq.* Dkt. No. 29 at 6. The Court agrees with Defendants that Mr. Iceberg received the transcript sufficiently in advance of the August 15 deadline to file his response to the motion to dismiss by that date.[1] Defendants also argue that Mr. Iceberg's "bare assertion that he intends to

---

[1] Mr. Iceberg states that his response was due August 8, Dkt. No. 26 at 1, but under Local Civil Rule 7(d)(4), it was due August 15. Like any other party, he is responsible for being familiar with and complying with all Court rules. *See, e.g.*, *Muñoz v. United States*, 28 F.4th 973, 978 (9th Cir. 2022) ("[P]ro se litigants, whatever their ability level, are subject to the same procedural requirements as other litigants.").

ORDER DENYING MOTION FOR EXTENSION OF TIME; STRIKING MOTIONS IN LIMINE; DENYING MOTION TO APPOINT COUNSEL - 2

file additional motions . . . does not establish good cause." Dkt. No. 29 at 6. The Court finds that Mr. Iceberg has not shown that he needs an extension to respond to the motion to dismiss because he already filed a lengthy response, *see* Dkt. No. 28, as well as lengthy motions in limine, *see* Dkt. No. 31, which also address the motion to dismiss. He filed all these documents before his response to the motion to dismiss was due, demonstrating that he had sufficient time to draft his response to the motion to dismiss. Finally, Mr. Iceberg's lengthy, pre-response-deadline filings undermine his claim that he needs an extension "due to [his] disability," Dkt. No. 26 at 2, a statement which he does not support with any specifics.

Defendants also argue that Mr. Iceberg has engaged in bad faith, "bombard[ing] Defendants' counsel and Defendant Hansen with abusive, threatening, and defamatory communications." Dkt. No. 29 at 3. Specifically, "[w]ithin a 6.5-hour period, Iceberg sent 20 emails and voicemails, including false accusations of child abuse and pedophilia directed at counsel." *Id.* Mr. Iceberg leveled similar false accusations against Defendant Distelhorst, which led to an anti-harassment order against Mr. Iceberg. *See* Dkt. No. 19 at 3–4. Defendants argue, and the Court agrees, that Mr. Iceberg has exhibited a pattern of harassing and falsely accusing others of serious misconduct "in an attempt to get what he wants." Dkt. No. 29 at 3. Mr. Iceberg repeated this pattern on August 4, harassing and falsely accusing Defendants' counsel on the same day he sought Defendants' agreement for this extension. *See* Dkt. No. 30 at 1–2; Dkt. No. 30-1 at 2–3; Dkt. No. 30-2 at 2; Dkt. No. 30-3 at 2. Mr. Iceberg has thus exhibited bad faith. His harassment of Defendants' counsel also violates Local Civil Rule 1(d), which requires him to "be respectful of others[.]" The Court will not tolerate the type of disparaging, baseless, and offensive accusations contained in Mr. Iceberg's emails to Defendants' counsel. *See, e.g.*, Dkt. No. 30-3 ("I think you and [your colleague] probably touched a bunch of kids inappropriately like. I think Pacifica Law

Group is engaging in and covering up a bunch of child abuse."). In sum, Mr. Iceberg has not shown good cause for an extension, and the Court denies his motion.

After Mr. Iceberg filed his response to the motion to dismiss, he filed a "Motion in Limine to Strike the Defendants' Pleadings, Motions, and Advocacy for Pleadings and Motions for Violation of Federal Rule of Civil Procedure 11." Dkt. No. 31. Mr. Iceberg asks the Court to strike portions of Defendants' motion to dismiss and an exhibit thereto. *Id.* at 6–10. However, Local Civil Rule 7(g) states that "[r]equests to strike material contained in or attached to submissions of opposing parties shall not be presented in a separate motion to strike, but shall instead be included in the responsive brief, and will be considered with the underlying motion." Because Mr. Iceberg's separate motion to strike violates Local Civil Rule 7(g), the Court strikes that motion. Dkt. No. 31.[2]

Mr. Iceberg's violations of the Local Civil Rules does not end there. His response to the motion to dismiss does not include a word count certification in violation of Local Civil Rule 7(e)(6). Dkt. No. 28. The response is also well in excess of the 8,400 word limit, LCR 7(e)(3), and the Court will not consider the portion of the response brief that exceeds the word limit. Further filings that do not comply with Court rules or orders may be disregarded or stricken, and may result in sanctions. *See De Long v. Hennessey*, 912 F.2d 1144, 1147 (9th Cir. 1990); 28 U.S.C. § 1651(a); Local Civil Rule 11(c) (A "party who without just cause fails to comply with any of the Federal Rules of Civil or Criminal Procedure, these rules, or an order of the court . . . may, in addition to or in lieu of the sanctions and penalties provided elsewhere in these rules, be required

---

[2] To the extent the motion in limine seeks sanctions under Federal Rule of Civil Procedure 11, *see generally id.*, the Court denies that request because the motion does not comply with the "mandatory" procedural requirements of that rule. *Truesdell v. S. California Permanente Med. Grp.*, 293 F.3d 1146, 1151–52 (9th Cir. 2002); *see also* Fed. R. Civ. P. 11(c)(2).

ORDER DENYING MOTION FOR EXTENSION OF TIME; STRIKING MOTIONS IN LIMINE; DENYING MOTION TO APPOINT COUNSEL - 4

by the court to satisfy personally such excess costs and may be subject to such other sanctions as the court may deem appropriate.").

Mr. Iceberg also filed a motion for appointment of counsel "or any other effective reasonable Accommodation." Dkt. No. 27 at 1. There is "no constitutional right to counsel in a civil case." *Adir Int'l, LLC v. Starr Indem. & Liab. Co.*, 994 F.3d 1032, 1038–39 (9th Cir. 2021) (citation modified). However, in "exceptional circumstances," the Court may seek to appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1). *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). Courts must evaluate (1) "the likelihood of success on the merits" and (2) "the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." *Wilborn*, 789 F.2d at 1331 (citation modified). Assuming without deciding that Mr. Iceberg is indigent, the Court finds that exceptional circumstances do not exist here. First, the Court cannot weigh the merits of Mr. Iceberg's claims on the undeveloped record, but it notes that it previously dismissed his amended complaint for failure to state a claim. Dkt. No. 19; *see also, e.g.*, *Sam v. Renton Sch. Dist.*, No. C21-1363-RSM, 2021 WL 4952187, at *1 (W.D. Wash. Oct. 25, 2021) ("The Court cannot conclude on this thin record whether these claims have a strong likelihood of success on the merits."). Mr. Iceberg has not otherwise provided any compelling arguments or evidence that this case is likely to succeed on the merits. Second, Mr. Iceberg's second amended complaint, Dkt. No. 20, does not show that the legal issues involved are so complex that he will not be able to articulate his claims pro se. *See, e.g.*, *Siglar v. Hopkins*, 822 F. App'x 610, 612 (9th Cir. 2020). Nor does Mr. Iceberg describe any efforts he has made to obtain counsel on his own. Although he references his disability and seeks "any other effective reasonable [a]ccommodation" in the alternative, Dkt. No. 27 at 1, he does not identify his disability or any

ORDER DENYING MOTION FOR EXTENSION OF TIME; STRIKING MOTIONS IN LIMINE; DENYING MOTION TO APPOINT COUNSEL - 5

alternate effective accommodation.[3] Accordingly, Mr. Iceberg has not shown that he is entitled to the relief he seeks, and the Court denies this motion.

For the foregoing reasons, the Court DENIES Mr. Iceberg's Motion for Extension, Dkt. No. 26, DENIES his Motion for Appointment of an Attorney, Dkt. No. 27, and STRIKES his Motions in Limine, Dkt. No. 31.

Dated this 18th day of August, 2025.

Lauren King
United States District Judge

---

[3] The Court further notes that the Americans with Disabilities Act does not apply to federal courts. 42 U.S.C. § 12131(1); *Roman v. Jefferson at Hollywood LP*, 495 F. App'x 804, 806 (9th Cir. 2012).